NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PHILIP L. RICE,**
*Claimant-Appellant,*

**v.**

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7113

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-1083, Chief Judge Bruce E. Kasold.

---

Decided: January 12, 2015

---

PHILIP L. RICE, of Seymour, Tennessee, pro se.

NATHANAEL B. YALE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were JOYCE R. BRANDA, Acting Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and ALLISON KIDD-MILLER, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy

Assistant General Counsel, and MARTIN J. SENDEK, Attorney, United States Department of Veterans Affairs, of Washington, DC.

—————————

Before DYK, O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

Phillip L. Rice appeals from a decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court"). The Veterans Court affirmed a 2012 decision by the Board of Veterans' Appeals (the "Board") denying an effective date earlier than May 30, 2002, for the veteran's benefits. We affirm.

## BACKGROUND

Mr. Rice is a Vietnam-era veteran who served in the Navy from August 30, 1971, to January 23, 1973. In 1984, the veteran submitted a claim for benefits for a psychiatric disorder, including schizophrenia, which was denied by the Department of Veterans Affairs ("VA") Regional Office ("RO"). The veteran did not appeal the determination, and it became final.

On May 30, 2002, the veteran filed a claim to reopen the 1984 claim on the ground of new and material evidence. The Board found that there was new and material evidence and granted the veteran's claim for service connection, assigning a permanent 100% disability evaluation with an effective date of May 30, 2002.

The Board ultimately denied a service connection date earlier than May 30, 2002, relying on 38 U.S.C. § 5110 and 38 C.F.R. § 3.400. The Veterans Court affirmed the Board's decision.

## DISCUSSION

Under 38 U.S.C. § 7292, we have jurisdiction to review decisions of the Veterans Court on issues of law but

not on issues of fact or application of law to fact. *See Morris v. Shinseki*, 678 F.3d 1346, 1351 (Fed. Cir. 2012) (citing *Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en banc)).

38 U.S.C. § 5110 provides that "the effective date of an award based on . . . a claim reopened after final adjudication . . . shall not be earlier than the date of receipt of application therefor." 38 U.S.C. § 5110(a); *see* 38 C.F.R. § 3.400. 38 C.F.R. § 3.400(q) provides that where "[n]ew and material evidence . . . other than service department records" is "[r]eceived after final disallowance[,]" the effective date is the "[d]ate of receipt of [the] new claim or [the] date [the] entitlement arose, whichever is later." 38 C.F.R. § 3.400(q).

The Veterans Court correctly interpreted the law as providing that the "earliest effective date for an award based on a claim to reopen [based on new and material evidence] is the date of that claim, not the date of the original claim." App. 1; *see Comer v. Peake*, 552 F.3d 1362, 1370 (Fed. Cir. 2009) ("The earliest effective date for an award based on a veteran's request to reopen a final decision based on new and material evidence is generally the date that the application to reopen was filed.") (citation omitted). The veteran alleges errors in the 1984 decision, but that is not pertinent to assigning an effective date of a claim to reopen based on new and material evidence.

We note that, based on the veteran's statement that "[t]he VA was grossly in error in the Aug. 1984 decision," App. 44, a separate claim for clear and unmistakable error ("CUE") was also opened. The RO denied the CUE claim on December 21, 2010, and the veteran did not appeal the denial of the CUE claim. There is no basis for claiming that the Veterans Court erred in refusing to consider the veteran's CUE claim in this proceeding.

Under the circumstances, the veteran raises no legal issues within our jurisdiction.

## DISMISSED

### Costs

No costs.